Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50393 | **DATE** | 2/28/2003 |
| **CASE TITLE** | International Union, et al. vs. Rockford Powertrain, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted and plaintiffs' motion for summary judgment is denied. This case is dismissed in its entirety with prejudice.

*Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | FEB 28 2003 | |
| | Notified counsel by telephone. | | date docketed | 29 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 03 FEB 28 AM 11:55 | 2-28-03 date mailed notice | |
| /SEC | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its affiliated Local 803 ("Union") and Joseph Wadzinski and Elton Kopplin, individually and as class representatives for all others similarly situated bring this action against defendant, Rockford Powertrain, Inc. Jurisdiction is proper under Section 301 of the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132). The complaint alleges breach of a collective bargaining agreement and breach of welfare plan terms. The court previously certified a class of plaintiffs consisting of certain retirees of defendant, their eligible dependents, and eligible surviving spouses. Pending are the parties' cross-motions for summary judgment.

Defendant and Union entered into a series of collective bargaining agreements, ("CBAs") which together covered the period from November 5, 1990, through March 4, 2001. (Pl. LR 56.1 (b) ¶¶1- 4) Each CBA included the following language : "Therefore, the Company and the Union for the life of this Agreement, each voluntarily and unqualifiedly waives the right, and each agrees that the other shall not be obligated, to bargain collectively with respect to any subject or matter referred to, or covered in this Agreement, even though such subject or matter may not have been within the knowledge or contemplation of either or both of the parties at the time that they negotiated or signed this Agreement. However, this Agreement may be amended or modified from time to time in writing by mutual agreement; and such amendments or modifications shall become a part of this Agreement when attached to this Agreement, and signed by the respective parties." (Id.) The CBAs each identify the existence of a letter of agreement between the parties concerning insurance benefits. (Id. ¶ 18) Neither party has included a letter of agreement concerning insurance benefits in its LR 56 submissions but both treat the plan booklets discussed below as containing the terms of insurance. Defendant provided its retirees with insurance benefits which were described in plan booklets dated June 27,1988, January 1, 1991, March 5,1995, and March 1, 1998. (Def. LR 56.1 (a) ¶¶19, 22) Each plan booklet contained the following language: "Your health insurance is continued until your death - unless you request termination of insurance. . . . And your dependents' health insurance will be continued - while you are living - until the date they no longer qualify as your eligible dependent, or until you request termination of dependent coverage." (Id. App. Tab D5 p.62; D6 p. 66; D7 p. 108; D8 p. 65) The plan booklets also contained language stating that in the event the group plan was terminated coverage would end immediately and also, that defendant reserved the right to modify, amend, suspend or terminate the plan at any time. (Id. App. Tab D5 pp.62, 101; D6 pp. 66, 77; D7 pp. 111, 141; D8 pp. 65, 97 )

Summary judgment is proper when, construing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rauen v. United States Tobacco Mfg. Ltd. P'ship, No. 01-3973, 2003 WL 262477, *3 (7th Cir. Feb. 10, 2003). Summary judgment is particularly appropriate in cases involving contract interpretation. Murphy v. Keystone Steel & Wire Co., 61 F.3d 560, 564-65 (7th Cir. 1995). Because ERISA does not require vesting of welfare benefits, such as the insurance benefits at issue here, plaintiffs' claim presents a contract interpretation question. See Id.

The language in the plan booklets clearly states either that defendant "reserves the right to modify, amend, suspend, or terminate [the plan] at any time," (Def. LR56.1 (a) App. Tab D5 p.101; D7 p.141; D8 p.97 ) or that defendant "reserves the right to amend or terminate the Plan at any time and for any reason." (Id. App. D6 p. 77) This language is unequivocal. Plaintiff argues that the CBA precludes changing the retirees' insurance benefits without the Union agreeing to the change in writing. It is not necessary to decide whether the CBA applies, because even if it does, plaintiffs' argument fails. The plan itself allows for its modification or termination. If the plan is incorporated into the CBA via the reference to the letter of agreement as plaintiffs claim, its incorporation necessarily includes the terms allowing its modification or termination. Defendant's modifying or terminating the plan was not a modification of the CBA because the CBA had already allowed unilateral modification of the plan by incorporating a plan whose terms allowed unilateral modification or termination.

Plaintiffs contend that the plan booklets either unambiguously provide lifetime benefits or at least created an ambiguity on the issue of lifetime benefits precluding summary judgment. While it is true the plan booklets contain language stating the insurance benefit is "continued until your death", the document must be read as a whole. See Murphy, 61 F.3d at 565. Other plan language stating that coverage would end on plan termination and reserving the right to terminate or modify the plan, makes it clear benefits would continue at their then current level only until the plan was terminated or modified by defendant. The express termination language is plainly inconsistent with any intent the benefits were to last for life. Id. at 567.

Plaintiffs also argue that the defendant is estopped from modifying or terminating the benefits and that the Union and defendant entered into individual agreements at the time each employee retired which supercede the insurance plan and provide for lifetime benefits. However, a review of the individual agreements and documents supplied by plaintiffs in support of this claim do not indicate an agreement for lifetime benefits. The individual agreements do not contain any language that can be construed as overriding the plan booklet language allowing modification or termination by defendant.

Estoppel requires a misleading representation, relied on by plaintiffs, to plaintiffs' detriment. See Contempo Design, Inc. v. Chicago & Northeast Ill. Dist. Council of Carpenters, 226 F.3d 535, 548 (7th Cir. 2000), cert. denied, 531 U.S. 1078 (2001). Plaintiffs' estoppel claim fails because they have not produced any evidence of detrimental reliance. There is no evidence any of the retirees was induced to retire because of the statements allegedly made by defendant's personnel concerning lifetime benefits. Mr. Kopplin testified in his deposition that he decided to retire and that he believed, before he had a conversation with the benefits manager about insurance, that he would have coverage for the rest of his life. (Pl. LR 56.1 (a) Tab 15 pp. 8, 12) Robert Miller submitted an affidavit in which he stated he informed the benefits administrator he wished to retire and had a discussion with her in which she advised him he would have insurance for life. (Id. Tab 16) There is no evidence this conversation induced him to retire. To survive summary judgment a plaintiff must submit evidence which if believed by a jury would be sufficient to support a judgment in plaintiff's favor. See Basith v. Cook County, 241 F.3d 919, 926 (7th Cir. 2001). Here, the evidence is insufficient to support a finding of detrimental reliance. The alleged misleading representations were made after the individuals in question had decided to retire and initiated the retirement process.

For the foregoing reasons, defendant's motion for summary judgment is granted and plaintiffs' motion for summary judgment is denied. This case is dismissed in its entirety with prejudice.